IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| NAOMI LYNN HALE, | CV-23-74-H-BMM |
| Plaintiff, | |
| vs. | ORDER |
| MARTIN O'MALLEY, Commissioner of Social Security, | |
| Defendant. | |

## INTRODUCTION

Naomi Lynn Hale ("Hale") brings this action under 42 U.S.C. § 405(g), seeking judicial review of an unfavorable decision by the Commissioner of Social Security ("Commissioner"). (Doc. 1.) Hale prays that the Court grant Social Security Disability Insurance benefits and Supplemental Security Income benefits based upon her applications for benefits. (Doc. 1 at 2); *see* (Doc. 7 at 202-211). Hale requests alternatively that the Court remand this action to the Administrative Law Judge for reconsideration. (Doc. 1 at 2.) The Commissioner opposes Hale's motion. (Doc. 14.)

1

## JURISDICTION

The Court retains jurisdiction over this action under 42 U.S.C. § 405(g). Venue is proper given that Hale resides in Helena, Montana. 28 U.S.C. § 1391(e)(1); L.R. 1.2(c)(4); *see* (Doc. 1 at 2.)

## PROCEDURAL BACKGROUND

Hale filed a Title II application for a period of disability and disability insurance benefits on May 21, 2019, and a Title XVI application for Supplemental Security Income on May 29, 2019. (Doc. 7 at 212-214, 222.) Her claims were denied on July 30, 2019. (*Id.* at 96-97.) Hale's claims were again denied on reconsideration on March 31, 2020. (*Id.* at 141-145.)

Hale requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 146-147.) The ALJ held a hearing on January 12, 2021. (*Id.* at 48-79.) The ALJ issued an unfavorable decision concerning Hale's application on March 19, 2021. (*Id.* at 22-47.) Hale sought review from the Appeals Council of the Social Security Administration of the ALJ's decision. (*Id.* at 199-201.) The Appeals Council denied Hale's request for review of the decision on May 27, 2021. (*Id.* at 8-10.)

Hale filed a complaint on July 22, 2021, in this Court. *See* (*Id.* at 3248.) The Court reversed the Commissioner's decision and remanded the case for further administrative proceedings. *Hale v. Commissioner of Social Security*, 6:21-cv-

00053-JTJ ("*Hale I*"), Doc. 18 ("the *Hale I* Order"); (Doc. 7 at 3246-3265). The Court entered judgment on October 25, 2022. *Hale I*, Doc. 19; (Doc. 7 at 3266.)

The ALJ held a hearing on remand on August 2, 2023. (*Id.* at 3182-3210.) The ALJ issued an unfavorable decision concerning Hale's application on August 24, 2023. (*Id.* at 3151-3181.) The ALJ's August 2023 unfavorable decision is at issue in this action.

## STANDARD OF REVIEW

The Court reviews the Commissioner's final decision under the substantial evidence standard; the decision will be disturbed only if it is not supported by substantial evidence or if it is based on legal error. *See* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"); *see also Smolen v. Chater,* 80 F.3d 1273, 1288 (9th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Webb v. Barnhart*, 433 F.3d 683, 678 (9th Cir. 2005). "'Substantial evidence' means 'more than a scintilla,' but 'less than a preponderance.'" *Smolen*, 80 F.3d at 1279 (internal citations omitted).

The Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. *Green v. Heckler*, 803 F.2d 528, 534 (9th Cir. 1986.) The Court may reject the findings not supported by the record, but it may not substitute its findings for those of the Commissioner.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Court reviews "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## DISABILITY CRITERIA

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months;" and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the claimant is not only unable to perform previous work but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. § 1382a(3)(A), (B)).

Social Security Administration regulations provide a five-step sequential evaluation process to determine disability. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520, 416.920. The five steps are as follows:

1. Is the claimant presently working in a substantially gainful

activity? If so, the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2. Is the claimant's impairment severe? If so, proceed to step three. If not, the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3. Does the impairment "meet or equal" one of a list of specific impairments described in 20 C.F.R. Part 220, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. § 416.920(e).

4. Is the claimant able to do any work that he or she has done in the past? If so, the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. § 404.1520(f), 416.920(f).

5. Is the claimant able to do any other work? If so, the claimant is not disabled. If not, the claimant is disabled. *See* 20 C.F.R. § 416.920(g).

*Bustamante*, 262 F.3d at 954. The claimant bears the burden of proof at steps one through four. *See id.* The Commissioner bears the burden of proof at step five. *Id.*

## FACTUAL BACKGROUND

### I. The ALJ'S Determination

At step one, the ALJ found that Hale had not engaged in substantial gainful activity since March 2, 2015. (Doc. 7 at 3157.) The ALJ determined that Hale met the insured status requirements of the Social Security Act through September 30, 2020. (*Id.* at 3156)

5

At step two, the ALJ found Hale to be afflicted with the following severe impairments: cervical, thoracic, and lumbar degenerative disc disease; carpal tunnel syndrome; osteoarthritis of the bilateral knees, status post total bilateral total knee arthroplasties; mild osteoarthritis of the bilateral hips; trochanteric bursitis of the left hip; obesity; and asthma. (*Id.* at 3157.) The ALJ identified obstructive sleep apnea, hypertension, bowel incontinence, urinary incontinence, headaches, erosion of the first metatarsal head, plantar fasciitis, left foot neuroma, peroneal nerve entrapment of the left foot, bilateral hallux paresthesia, right ankle strain, left epicondylitis, and a right shoulder impairment as non-severe impairments afflicting Hale. (*Id.* at 3157-3158.) The ALJ found that Hale's alleged hyperlipidemia and keratosis of the skin were not supported by medical evidence. (*Id.*)

At step three, the ALJ found that Hale did not have an impairment or combination of impairments that met or medically equaled the severity described in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, app. 1. (*Id.* at 3161-3163.)

At step four, the ALJ determined Hale's residual functional capacity ("RFC") and then evaluated whether it would allow Hale to perform any past relevant work. (*Id.* at 3163-3172.) The ALJ followed the two-step process to determine Hale's RFC. The ALJ first evaluated whether Hale's impairments could produce her alleged symptoms. The ALJ then considered the intensity, persistence, and limiting effects

6

of those symptoms and the resulting limitations on Hale's potential work activities. (*Id.*)

The ALJ determined that Hale's severe impairments could cause the alleged symptoms. (*Id.* at 3167.) The ALJ concluded, however, that Hale's "statements concerning the intensity, persistence and limiting effects of these symptoms" proved "not entirely consistent with the medical evidence and other evidence in the record[.]" (*Id.*) The ALJ determined that Hale possesses the residual functional capacity to perform "light work" except for the following limitations:

> the claimant can lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently. She can walk and stand about six hours in an eight-hour workday with normal work breaks. She can sit about six hours in an eight-hour workday with normal work breaks. Normal work breaks are defined as occurring every two hours with two breaks lasting at least 10 minutes and one break lasting at least 30 minutes. The claimant must have the option to alternate positions every 30 – 60 minutes, for a few minutes at a time, while staying on task. The claimant can frequently handle and finger with the bilateral upper extremities. The claimant can occasionally climb ramps, stairs, ladders, ropes, and scaffolds. She can frequently balance. She can occasionally stoop, kneel, crouch, and crawl. The claimant must avoid concentrated exposure to extreme heat, extreme cold, wetness, vibrations, fumes, odors, dusts, gases, and poor ventilation. She must avoid concentrated exposure to workplace hazards (e.g., slippery surfaces, rough surfaces, dangerous machinery, or unprotected heights). The claimant can understand, remember, and carry out simple, detailed, and complex tasks. She can maintain attention, concentration, persistence, and pace for such tasks for eight-hour workdays and 40-hour workweeks. She can tolerate

7

> interactions with supervisors, coworkers, and members of the public. She can tolerate usual work situations and changes in the routine work setting.

(*Id.* at 3163.) The ALJ determined that Hale possessed the residual functional capacity to perform past relevant work as a receptionist, optician apprentice, and food checker and cashier supervisor. (*Id.* at 3170-3171.)

At step five, the ALJ assessed whether Hale could perform any other work, given Hale's age, education, work experience, transferable skills, and residual functional capacity. (*Id.* at 3171-3172.) The ALJ considered the vocational expert's ("VE") opinion as to whether jobs existed in the national economy for an individual with the claimant's age, education, past relevant work experience, and residual functional capacity. (*Id.*) The VE identified several jobs that fulfill these criteria: office helper, routing clerk, and ticket taker. (*Id.* at 3172.) The ALJ determined that Hale was not disabled under sections 216(i) and 223(d) of the Social Security Act. (*Id.*)

## II. Hale's Position

Hale argues that the ALJ erred by 1) failing to adequately consider and explain her consideration of the medical opinion of FNP Charlene Lewis (Doc. 9 at 6-14) and by 2) failing to provide clear and convincing reasons for rejecting Hale's subjective testimony (Doc. 9 at 14-23).

## III. Commissioner's Position

The Commissioner asserts that 1) the ALJ's decision to discredit FNP Lewis's opinion is supported by substantial evidence (Doc. 14 at 4-9) and 2) the ALJ provided clear and convincing reasons to reject Hale's subjective testimony (Doc. 14 at 9-14).

## DISCUSSION

The Court possesses discretion as to whether to apply in Social Security cases the "law of the case doctrine," which "generally prohibits a court from considering an issue that has already been decided by that same court [. . .] in the same case." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). The Court previously remanded this matter to the agency. *Hale I*, Doc. 18. "Courts reviewing Social Security cases after a limited remand have refused to re-examine issues settled by a district court's prior order." *Peterson v. Saul*, No. CV 19-142-BLG-TJC, 2021 WL 1040537, at *2 (D. Mont. Mar. 18, 2021) (quoting *Nolte v. Astrue*, 2012 WL 4466558, *2 (D. Ariz. Sept. 27, 2012)). The Court declines to reopen any matter settled by the Court in *Hale I* in the interest of judicial efficiency.

I. **Consideration of FNP Lewis's Opinion**

The Court remanded in part due to the ALJ's inadequate consideration of the medical opinion of FNP Charlene Lewis. *Hale I*, Doc. 18. The Court determined that the ALJ "failed to explain why Ms. Lewis's opinions were inconsistent with Ms. Lewis's own treatment notes." *Id*. at 14. That failure was legal error because it

9

constituted a "failure to support [the ALJ's] reasoning" regarding the supportability of FNP Lewis's opinion. *Id.* The Court further concluded that the ALJ's failure to "explain why Ms. Lewis's opinions were inconsistent with the other medical evidence in the record and inconsistent with Hale's daily activities" constituted legal error by "failing to support [the ALJ's] reasoning" regarding the consistency of FNP Lewis's opinion. *Id.* at 15. Pursuant to the law of the case doctrine, legal error exists if the ALJ on remand "failed to explain why Ms. Lewis's opinions were [consistent or] inconsistent with Ms. Lewis's own treatment notes" or failed to "explain why Ms. Lewis's opinions were [consistent or] inconsistent with the other medical evidence in the record and [consistent or] inconsistent with Hale's daily activities." *Hale I*, Doc. 18 at 14-15; *see Colvin* at 567; *see also Sullivan v. Hudson*, 490 U.S. 877, 886 (1989) ("deviation from the [district c]ourt's remand order in [. . .] subsequent administrative proceedings [in the Social Security context] is itself legal error, subject to reversal on further judicial review").

The ALJ's consistency factor analysis of Lewis's opinion in the ALJ's March 19, 2021 decision read as follows:

> [T]he undersigned finds the portion of NP Lewis' opinion that the claimant was limited to work at the less than sedentary exertional level with the need to take an unscheduled break every 1 – 2 hours for 15 minutes, avoid repetitive use of the bilateral hands, and be absent from work three to four times a month, unpersuasive. These limitations are not consistent with the many normal physical examination findings in the record, nor consistent

> with the claimant's many activities of daily living, discussed above.

(Doc. 7 at 3229.) The ALJ's consistency factor analysis of Lewis's opinion in the ALJ's August 24, 2023 decision reads as follows:

> [T]he undersigned finds the portion of NP Lewis's opinion regarding the claimant's ability to engage in work at the less than sedentary exertional level with the need to take unscheduled breaks every 1 – 2 hours for 15 minutes, avoid repetitive use of the bilateral hands, and be absent from work three to four times a month, unpersuasive.
> [. . .] NP Lewis' opinion is **inconsistent** with the normal physical examination findings, the claimant's activities of daily living, the claimant's statements to medical providers, and the claimant's statements at her hearings, as discussed in detail above.

(*Id.* at 3168) (bolded font in original). The ALJ adduced no further explanation in either decision.

Both analyses begin and end by stating that Lewis's opinion (or a part of it) is not consistent with certain other evidence in the record. The ALJ in the August 24, 2023 decision merely added to the list two additional categories of evidence, namely, "the claimant's statements to medical providers[] and the claimant's statements at her hearings." (*Id.* at 3168.) In other words, the ALJ added to a list of *what* was inconsistent but again failed to provide an explanation of *why* any item on the list was inconsistent. The question of Lewis opinions' consistency with Hale's daily activities provides the sharpest illustration of the ALJ's continued omission. The Court remanded in part based on the ALJ's failure to "explain why Ms. Lewis's

11

opinions were inconsistent with [. . .] Hale's daily activities," *Hale I*, Doc. 18 at 15; the ALJ on remand simply kept "claimant's activities of daily living" on the list of inconsistent things—with no explanation as to why it was on the list. (Doc. 7 at 3229, 3168.) The ALJ again "made no attempt to explain why Ms. Lewis's opinions were inconsistent with the other medical evidence in the record[] and inconsistent with Hale's daily activities," *Hale I*, Doc. 18 at 15.

Notwithstanding the Court's Order in *Hale I*, the naked citation of other evidence produces a muddled explanation even if a reader were inclined to discover one implied between the lines. The inconsistency that the ALJ found does not spring from the page self-evident. How Hale's ability to "plan a wedding" (*Id.* at 3166), for example, proves "inconsistent" with a medical opinion that Hale possessed the "ability to engage in work at the less than sedentary exertional level with the need to take unscheduled breaks every 1 – 2 hours for 15 minutes, avoid repetitive use of the bilateral hands, and be absent from work three to four times a month" (*Id.* at 3168) eludes the Court. The ALJ committed legal error.

## II.   Appropriate Remedy

A reviewing court may remand for calculation of benefits when three conditions are met. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017) (describing the "credit-as-true" rule). First, the ALJ must have "failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or

12

medical opinion." *Id.* Second, there must remain no "outstanding issues that must be resolved before a disability determination can be made" such that "further administrative proceedings would [not] be useful." *Id.* Third, "on the record taken as a whole," and "crediting the discredited testimony as true," there exists "no doubt as to disability." *Id.*

As explained above, the ALJ repeated her legal error of failing to support her reasoning in application of the consistency factor to FNP Lewis's opinions. The ALJ "failed to provide legally sufficient reasons for rejecting" FNP Lewis's opinions. *See Leon* at 1045. This circumstance fulfills the first credit-as-true requirement. *Id.*

The Court determined in *Hale I* that the ALJ's legal error in failing to support her reasoning in application of the consistency factor to FNP Lewis's opinions proved "not harmless" because "the vocational expert testified that Hale would not be able to sustain employment if Hale was off task at least 20 percent of an 8-hour work day and a 40-hour work week." *Hale I*, Doc. 18 at 15 (internal quotations omitted). FNP Lewis opined that Hale "would need to take unscheduled 15 minute breaks from work every 1 to 2 hours." *Hale I*, Doc. 18 at 14. The record on remand includes the same opinion from FNP Lewis. (Doc. 7 at 3161.) The ALJ's legal error on remand, therefore, proves not harmless. *See Colvin* at 567.

The ALJ determined that a finding of "not disabled" proved appropriate upon the ALJ's RFC determination, which the ALJ "*[b]ased on the testimony of the*

13

*vocational expert.*" (Doc. 7 at 3172) (emphasis added). The vocational expert testified that Hale would not be able to sustain employment, and as such would be disabled, if "off task at least 20 percent of an eight-hour [work day] in a 40-hour work week." (*Id.* at 3382-3384.) No outstanding issues remain that must be resolved before a disability determination can be made because the vocational expert's testimony provides a clear yardstick for determining disability. For the same reason, "on the record taken as a whole," and "crediting the discredited testimony as true," there exists "no doubt as to disability." Further administrative proceedings would only serve delay. The Court notes that Hale's claim has been pending for five years. *Compare Jason S. N. v. Berryhill*, No. CV 18-5-BU-JCL, 2019 WL 2098932, at *4 (D. Mont. May 14, 2019); *see Allen v. Colvin*, 201 Soc. Sec. Rep. Serv. 210, 201 Soc. Sec. Rep. Serv. 710, 2014 WL 1309077 (D. Kan. 2014) (remanding for calculation of benefits where the ALJ failed to "completely follow" the district court's directions on remand and claimant's claim had been pending for ten years). Remand for a calculation of benefits proves warranted.

## ORDER

Accordingly, **IT IS ORDERED** that

1. Hale's motion for summary judgment (Doc. 9) is **GRANTED**.
2. The Court **REVERSES** the decision of the Commissioner of the Social Security Administration and **REMANDS** this case to the Commissioner of

the Social Security Administration for an award of benefits pursuant to 42 U.S.C. § 405(g).

**DATED** this 20th day of June, 2024.

John Johnston
United States Magistrate Judge